JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
Email: jboyle@nevadafirm.com
SEAN E. STORY, ESQ.
Nevada Bar No. 13968
Email: sstory@nevadafirm.com
HOLLEY DRIGGS WALCH FINE
PUZEY STEIN & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:  702/791-0308
Facsimile:  702/791-1912

TIGRAN GULEDJIAN, ESQ.
California Bar No. 207613 (Admitted pro hac vice)
Email: tigranguledjian@quinnemanuel.com
RICHARD H. DOSS, ESQ.
California Bar No. 204078 (Admitted pro hac vice)
Email: richarddoss@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone:  213/443-3000
Facsimile:  213/443-3100

*Attorneys for Plaintiffs Seiko Epson Corporation,
Epson America, Inc., and Epson Portland Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SEIKO EPSON CORPORATION, a Japan corporation; EPSON AMERICA, INC., a California corporation; and EPSON PORTLAND INC., an Oregon corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TRY THE INK, LLC, a Nevada limited liability company; and INKPRO2DAY LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:18-cv-00372-RCJ-NJK<br><br>**ORDER FINDING<br>(1) PERSONAL JURISDICTION;<br>(2) DEFAULT JUDGMENT; AND<br>(3) PERMANENT INJUNCTION AS TO TRY THE INK, LLC AND INKPRO2DAY LLC** |

This matter having come before the Court on Plaintiffs Seiko Epson Corporation, Epson American, Inc. and Epson Portland Inc.'s Motion for Finding of Personal Jurisdiction, Default

Judgment, and Permanent Injunction as to Try The Ink, LLC and InkPro2day LLC (the "Motion"), and good cause appearing, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## FINDING OF PERSONAL JURISDICTION

1. For the reasons provided in the Motion, for, *inter alia*, a finding of general personal jurisdiction as to defendant Try The Ink, LLC ("TTI"), this Court concludes that it has general personal jurisdiction over TTI because TTI is a registered Nevada Limited Liability Company and has a principal place of business in Las Vegas, Nevada.

2. For the reasons provided in the Motion, for, *inter alia*, a finding of specific personal jurisdiction as to defendant InkPro2day LLC ("InkPro2day"), this Court concludes that InkPro2day has had sufficient contacts with the State of Nevada to support a finding that this Court has specific personal jurisdiction over InkPro2day in this matter.[1]

3. Accordingly, the Court grants Seiko Epson Corporation, Epson America, Inc. and Epson Portland Inc.'s Motion for a finding of personal jurisdiction as to defendants TTI and InkPro2day.

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

## FINDINGS OF FACT

4. Plaintiff Seiko Epson Corporation ("Seiko Epson") is a corporation organized and existing under the laws of Japan. Its principal place of business is located at 3-3-5 Owa Suwa-shi Nagano-Ken, 392-8502, Japan. Seiko Epson is in the business of manufacturing and selling a wide variety of consumer, commercial and industrial products, including ink cartridges for use with Epson printers.

5. Plaintiff Epson America, Inc. ("Epson America") is a corporation organized and existing under the laws of the State of California. Its principal place of business is located at 3840 Kilroy Airport Way, Long Beach, California 90806. As the North American sales, marketing, and

---

[1] Plaintiffs presented evidence that infringing cartridges manufactured by InkPro2day were offered for sale and sold throughout the United States, including Nevada, via Defendants' own interactive websites and numerous interactive online storefronts, including Amazon, and eBay, all of which allowed customers to do business entirely through the websites and directly purchase Defendants' infringing ink cartridges.

-2-

customer service affiliate of Seiko Epson, Epson America is the exclusive licensee of the Epson Patents described below for distributing in the United States ink cartridges that are covered by the Epson Patents.

6. Plaintiff Epson Portland Inc. ("Epson Portland") is a corporation organized and existing under the laws of the State of Oregon. Its principal place of business is located at 3950 NE Aloclek Place, Hillsboro, Oregon 97124. Epson Portland maintains an exclusive license to manufacture ink cartridges in the United States under the Epson Patents described below. Collectively, plaintiffs Seiko Epson, Epson America and Epson Portland are sometimes hereinafter referred to as "Epson" or "Plaintiffs."

7. Defendant TTI is a limited liability company organized and existing under the laws of the State of Nevada. TTI's last known principal place of business is located at 3870 East Flamingo Road, Las Vegas, Nevada 89121. TTI has engaged in the business, among others, of manufacturing, offering for sale, and selling in the United States ink cartridges for use with Epson printers.

8. Defendant InkPro2day is a limited liability company organized and existing under the laws of the State of California. InkPro2day's last know place of business is located at 3870 East Flamingo Road, Las Vegas, Nevada 89121. InkPro2day has engaged in the business, among others, of manufacturing, offering for sale, and selling in the United States ink cartridges for use with Epson printers.

9. Defendants have sold within and offered to sell within the United States, including in the State of Nevada, aftermarket ink cartridges for use with Epson printers.

10. Epson owns all right, title, and interest in, including the right to sue thereon and the right to recover for infringement thereof, the following United States patents:

    a. United States Patent No. 6,502,917 ("the '917 patent"), which was duly and legally issued to Seiko Epson by the United States Patent and Trademark Office on January 7, 2003; and

b. United States Patent No. 8,794,749 ("the '749 patent"), which was duly and legally issued to Seiko Epson by the United States Patent and Trademark Office on August 5, 2014.

11. The '917 and '749 patents (collectively, the "Epson Patents") all relate generally to ink cartridges for printers.

12. Epson brought this action against Defendants for infringement of the Epson Patents.

13. On March 30, 2018, the Clerk of this Court entered Default as to Defendants TTI and InkPro2day. ECF No. 14.

14. Defendants have imported into, sold within, and/or offered to sell within, the United States, including in the State of Nevada, certain aftermarket ink cartridges for use with Epson printers that Epson has alleged infringe the Epson Patents (hereinafter, the "Accused Products"). A complete list of the Accused Products is attached hereto as "Attachment A" and is incorporated herein by reference. Epson has alleged that the Accused Products all infringe at least one or more claims of one or both of the Epson Patents. More specifically, Epson has alleged that each of the claims of the Epson Patents listed on "Attachment B" hereto is infringed by the Accused Products listed on Attachment B with respect to each such claim.

15. Any finding of fact which is deemed to be a Conclusion of Law is hereby adopted as such. Any Conclusion of Law which is deemed to be a finding of fact is hereby adopted as such.

## CONCLUSIONS OF LAW

16. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq*. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. This Court has personal jurisdiction over the parties. Defendant has waived any venue challenge and on that basis the Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1400(b). The parties do not dispute personal jurisdiction or venue.

18. Epson has alleged that each of the claims of the Epson Patents listed on Attachment B hereto is infringed by each of the Accused Products listed on Attachment B with respect to each such claim. Epson has submitted evidence demonstrating its allegations of infringement set forth in Attachment B. Defendant has not appeared to contest Epson's allegations or contradict the evidence submitted by Epson, and on that basis the Court finds that the Accused Products infringe the claims of the Epson Patents as set forth in Attachment B. No determination is made that the Accused Products do not infringe other claims of the Epson Patents or other patents owned or controlled by Epson.

19. Defendant has not submitted any evidence to demonstrate that the Epson Patents are invalid or unenforceable, the Epson Patents have not been held invalid or unenforceable in this action, proceedings before the International Trade Commission, or any other proceeding, and on that basis the Court makes the following findings:

20. All the claims of the '917 patent are valid and enforceable; and

21. All the claims of the '749 patent are valid and enforceable.

22. This Court explicitly orders that the issues of validity, enforceability, and infringement are hereby finally concluded and disposed of and this Judgment bars Defendant from contending in this action or any other proceeding that the Accused Products and other products that are no more than colorably different therefrom do not infringe the claims of the Epson Patents set forth in Attachment B.

23. This Judgment shall finally conclude and dispose of this litigation as to the parties to this Default Judgment, and this Judgment shall be entitled to issue and claim preclusion effect.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED:**

A. Defendants and their officers and directors, agents, servants, employees, attorneys, distributors, and affiliates, who are in active concert or participation with, through, or under them and who receive actual notice of this judgment by personal service or otherwise, are hereby permanently enjoined from the sale of the Accused Products or any other products no more than colorably different therefrom. Defendants and their officers and directors, agents, servants, employees, attorneys, distributors, and affiliates, who are in active concert or participation with,

through, or under them and who receive actual notice of this judgment by personal service or otherwise, are also hereby permanently enjoined from any other acts that directly or indirectly infringe any of the claims of the Epson Patents set forth in Attachment B, and from causing, inducing or contributing to the infringement of any of the claims of the Epson Patents set forth in Attachment B by others.

      B.      This Judgment shall become null and void on the expiration date of the last to expire of the '917 and '749 patents. This Judgment shall not apply with respect to any claim of an intellectual property right that has expired or been found or adjudicated invalid or unenforceable by a court of competent jurisdiction, provided that such finding or judgment has become final and non-reviewable.

      C.      This Court retains exclusive jurisdiction of this action for the purpose of insuring compliance with this Judgment.

      D.      This Judgment shall finally conclude and dispose of all claims and counterclaims of Plaintiffs against Defendant and Defendant against Plaintiffs with prejudice.

      E.      Each party shall bear its own costs and attorney's fees.

      F.      Final Judgment shall be entered hereto, forthwith, without further notice.

The Clerk is directed to enter this Final Default Judgment and Permanent Injunction forthwith.

IT IS SO ORDERED.

Dated: May 21, 2019

_____
The Honorable Robert C. Jones
United States District Judge

# Attachment A

Try The Ink, LLC and InkPro2day LLC Default Judgment and Permanent Injunction

*Seiko Epson Corp. et al. v. Try The Ink, LLC et al.* 2:18-cv-00372-RCJ-NJK

## List of Accused Products

| 200XL-1 | 273XL | E676XL | T200XL120 | T694100 |
|---------|-------|--------|-----------|---------|
| T694200 | T694300 | T694400 | T694500 | T804100 |

**Attachment B**

Try The Ink, LLC and InkPro2day LLC Default Judgment and Permanent Injunction

*Seiko Epson Corp. et al. v. Try The Ink, LLC et al.* 2:18-cv-00372-RCJ-NJK

**Claim 9 of U.S. Patent No. 6,502,917**

| 200XL-1 | T200XL120 |
|---|---|

(including any other products that are no more than colorably different)

**Claim 1 of U.S. Patent No. 8,794,749**

| 200XL-1 | 273XL | E676XL | T200XL120 | T694100 |
|---|---|---|---|---|
| T694200 | T694300 | T694400 | T694500 | T804100 |

(including any other products that are no more than colorably different)